UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RICHARD CHAPMAN, Individually and for Others Similarly Situated, | CASE NO. _____ |
| v. | FLSA COLLECTIVE ACTION |
| ELECTRICAL BUILDERS, INC. | JURY TRIAL DEMANDED |

# ORIGINAL COMPLAINT

## SUMMARY

1. Richard Chapman (Chapman) brings this lawsuit to recover unpaid overtime wages and other damages from Electrical Builders, Inc. (Electrical Builders) under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

2. Chapman worked for Electrical Builders as an hourly employee.

3. Chapman and the Putative Class Members (defined below) regularly worked more than 40 hours a week.

4. But Electrical Builders did not pay them overtime.

5. Instead of paying overtime as required by the FLSA, Electrical Builders paid Chapman and the other workers like him the same hourly rate for all hours worked, including those in excess of 40 hours in a single week (or, "straight time for overtime").

6. Electrical Builders never paid Chapman or the Putative Class Members a guaranteed salary.

7. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Electrical Builders' corporate headquarters is located in this District in Stearns County at 2720 1 ½ Street South, St. Cloud, Minnesota.

## THE PARTIES

10. Chapman was an hourly employee of Electrical Builders from approximately August 2018 through May 2019.

11. Throughout his employment, Electrical Builders paid Chapman the same hourly rate for all hours worked, including those worked in excess of 40 hours in a single workweek.

12. His written consent is attached as <u>Exhibit A</u>.

13. Chapman brings this action on behalf of himself and all other similarly situated workers who Electrical Builders paid straight time for overtime.

14. Electrical Builders paid each of these workers the same hourly rate for all hours worked, including those worked in excess of 40 hours in a single workweek in violation of the FLSA.

15. The collective of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All employees of Electrical Builders, Inc. who were paid "straight time for overtime" at any time during the past three years ("Putative Class Members").**

16.     Electrical Builders, Inc. may be served with process by serving its Chief Executive Officer at 2720 1 ½ Street South, St. Cloud, Minnesota 56301.

## COVERAGE UNDER THE FLSA

17.     At all relevant times, Electrical Builders was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18.     At all relevant times, Electrical Builders was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19.     At all relevant times, Electrical Builders was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

20.     At all relevant times, Electrical Builders has had an annual gross volume of sales made or business done of not less than $1,000,000 each.

21.     At all relevant times, Chapman and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

22. Electrical Builders specializes "in providing high quality industrial, electrical, and welding services to utilities, power plants, industrial customers and manufacturers around the world."[1]

23. Chapman was an hourly employee of Electrical Builders.

24. Chapman performed work under the job title of Project Manager.

25. Chapman worked for Electrical Builders from August 2018 through May 2019.

26. Throughout his employment with Electrical Builders, Electrical Builders paid Chapman the same hourly rate for all hours worked, including those in excess of 40 in a single workweek.

27. Specifically, Electrical Builders paid Chapman $75.00 for every hour he worked, including those in excess of 40 in a week.

28. Electrical Builders paid Chapman and the Putative Class Members under its straight time for overtime pay scheme.

29. Chapman and the Putative Class Members did not receive a salary.

30. If Chapman and the Putative Class Members worked fewer than 40 hours in a week, they were only paid for the hours worked.

31. Chapman and the Putative Class Members regularly worked over 40 hours in a week.

---

[1] *See* https://www.electricalbuilders.com/aboutus/ (last visited May 1, 2020).

32. In fact, Chapman regularly worked 10- to 12-hour daily shifts, and he routinely worked in excess of 80 hours per week.

33. Chapman's schedule is typical of the Putative Class Members.

34. Instead of paying overtime, Electrical Builders paid Chapman and the Putative Class Members the same hourly rate for the hours he worked over 40 in a work week.

35. Chapman and the Putative Class Members worked in accordance with the schedule set by Electrical Builders and/or its clients.

36. The hours Chapman and the Putative Class Members worked are reflected in Electrical Builders' records.

37. Rather than receiving time and half as required by the FLSA, Chapman and the Putative Class Members only received "straight time" pay for the hours they worked in excess of 40 in a workweek.

38. Electrical Builders' "straight time for overtime" payment scheme violates the FLSA because it deprives Chapman and the Putative Class Members of overtime at a rate of 1 ½ their regular rates for the hours they work in excess of 40 hours in a single workweek.

39. Electrical Builders is aware, or should have been aware, that the FLSA required it to pay Chapman and the Putative Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

40. Electrical Builders knew Chapman and the Putative Class Members worked more than 40 hours a week.

41. Electrical Builders knew, or showed reckless disregard for whether, the Putative Class Members were entitled to overtime under the FLSA.

42. Nonetheless, Electrical Builders did not pay Chapman and the Putative Class Members overtime as required by the FLSA.

43. Electrical Builders knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

44. The illegal "straight time for overtime" pay practice that Electrical Builders imposed on Chapman was likewise imposed on the Putative Class Members.

45. Dozens of individuals were victimized by Electrical Builders' pattern, practice, and policy which is in willful violation of the FLSA.

46. Numerous other individuals who worked with Chapman indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

47. Based on his experiences and tenure with Electrical Builders, Chapman is aware that Electrical Builders' illegal practices were imposed on the Putative Class Members.

48. The Putative Class Members were all not afforded overtime compensation when they worked in excess of 40 hours in a week.

49. Electrical Builders' failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

50. Chapman's experiences are therefore typical of the experiences of the Putative Class Members.

51. The specific job titles or precise job locations of the Putative Class Members do not prevent collective treatment.

52. Chapman has no interest contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Chapman has an interest in obtaining the unpaid overtime wages owed to him under federal law.

53. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

54. Absent this action, many Putative Class Members likely will not obtain redress of their injuries, and Electrical Builders will reap the unjust benefits of violating the FLSA.

55. Furthermore, even if some of the Putative Class Members could afford individual litigation against Electrical Builders, it would be unduly burdensome to the judicial system.

56. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

57. Chapman knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

58. Even if the issue of damages were somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## CAUSE OF ACTION
## FLSA VIOLATIONS

59. Chapman brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

60. By failing to pay Chapman and the Putative Class Members overtime at one-and-one-half times their regular rates, Electrical Builders violated the FLSA's overtime provisions.

61. Electrical Builders failed to guarantee Chapman and the Putative Class Members a salary.

62. Electrical Builders failed to pay Chapman and the Putative Class Members overtime at the rates required by the FLSA.

63. Instead, Electrical Builders paid Chapman and the Putative Class Members straight time for overtime.

64. Electrical Builders owes Chapman and the Putative Class Members the difference between the rate paid to them and the proper overtime rate.

65. Electrical Builders knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Chapman and the Putative Class Members overtime compensation.

66. Electrical Builders' failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

67. Accordingly, Chapman and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees and costs.

## JURY DEMAND

Chapman demands a trial by jury.

## PRAYER

Chapman prays for relief as follows:

a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

b. Judgment awarding Chapman and the Putative Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

c. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

d. All such other and further relief to which Chapman and the Putative Class Members may show themselves to be justly entitled.

Respectfully submitted,

Date: 5/5/20                             By: /s/ *Michele R. Fisher*
**Michele R. Fisher**
MN Bar No. 303069
**NICHOLS KASTER, PLLP**
80 South 8th Street, Suite 4600
Minneapolis, Minnesota 55402
612-256-3200 – Telephone
612-338-4878 – Facsimile

**AND**

**Michael A. Josephson***
TX Bar No. 24014780
**Andrew Dunlap***
TX Bar No. 24078444
**Taylor A. Jones***
TX Bar No. 24108723
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
tjones@mybackwages.com
*\*Pro Hac Vice Applications Forthcoming*

**AND**

**Richard J. (Rex) Burch***
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com
*\*Pro Hac Vice Application Forthcoming*

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

10